United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH B.W.,

Plaintiff,

v.

SSA COMMISSIONER, et al.,

Defendants.

Case No. 25-cv-05379-SK

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Regarding Docket No. 12, 21

This matter comes before the Court upon consideration of the motion for summary judgment filed by Plaintiff Elizabeth B. W. [1] ("Plaintiff") and the cross-motion for summary judgment filed by Defendant, the Commissioner of Social Security (the "Commissioner"). (Dkt. Nos. 12, 21.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner denying her social security benefits claim for a combination of physical and mental impairments under Title II and Title XVI of the Social Security Act. (Dkt. No. 1.) Both parties have consented to the jurisdiction of the undersigned. (Dkt. Nos. 8–9.) Pursuant to Civil Local Rule 16-5, the motions are deemed submitted for decision without oral argument. After careful consideration of the parties' briefing, the administrative record, and relevant legal authority, the Court GRANTS Plaintiff's motion and DENIES the Commissioner's cross-motion for the reasons set forth below.

/ / /

/ / /

/ / /

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**BACKGROUND**

On August 30, 2021, Plaintiff filed an application for a Title II and Title XVI disability benefits, and she alleged that she was disabled starting on January 1, 2002. (Administrative Record ("AR") 276–79.) Plaintiff was 42 years old at the time of her alleged onset date and 61 years old at the time the claim was filed. (AR 278.) Plaintiff's claim was initially denied on June 29, 2022. (AR 116.) A request for reconsideration was made on August 24, 2022, and was denied upon reconsideration on March 01, 2023. (AR 122, 125.) On November 6, 2024 an Administrative Law Judge ("ALJ") held a telephone hearing. (AR 21.) Plaintiff, accompanied by counsel, and vocational expert Deborah Lee both testified during the hearing. (AR 21, 44–72.)

On February 13, 2025, the ALJ issued an unfavorable decision. (AR 18.) The ALJ's decision became the final order of the Commissioner after Plaintiff's request for review by the Appeals Council was denied. (AR 1.) The ALJ's decision is therefore the final decision subject to this court's review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

The ALJ applied the five-step sequential analysis explained below and concluded that Plaintiff was not disabled within the meaning of the Social Security Act since August 31, 2021, the date the application was filed. (AR 27.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 31, 2021. (AR 23.)

At step two, the ALJ found no medically determinable impairment. (*Id.*) The ALJ considered treatment notes from Emily Law, R.N.; Olivia Debree, N.P.; Regina Bullock, A.S.W; Taylor Cuffaro, A.G.N.P; and Briauna Taylor, D.N.P – Plaintiff's providers at Lifelong Medical Clinic ("LLMC") – and a medical opinion signed by Law, Debree, and Bullock, who treated Plaintiff from May 2020 to November 2022. (AR 24-26.) The ALJ found the medical opinions unpersuasive, concluding that there was no evidence supporting a severe psychological impairment. (AR 26.) As for Plaintiff's alleged physical impairments, the ALJ found "no examinations or imaging supporting abnormality of [Plaintiff's] spine consistent with a severe impairment." (AR 24.) The ALJ concluded that the record contained "no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" physical or mental, and terminated the analysis at step two. (AR 23, 26.)

Plaintiff contends that the ALJ's step two determination is not supported by substantial evidence, and thus requests that the Court grant her motion for summary judgment and remand with instructions to award benefits pursuant to 42 U.S.C. § 1383(c)(3) or remand for further proceedings. (Dkt. Nos. 12 at 5, 22.)

**ANALYSIS**

**I. Legal Standards.**

**A. Standard of Review**

A federal district court may not disturb the Commissioner's final decision unless it is based on legal error, or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). An ALJ can satisfy this requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Beall v. Berryhill*, 2017 WL 11689924, *6 (N.D. Cal. Sept. 22, 2017) (citing *Reddick*, 157 F.3d at 725) (internal citations omitted). Otherwise, to determine whether substantial evidence exists, courts must look at the record as a whole and consider both evidence that supports and undermines the findings by the ALJ. *Reddick*, 157 F.3d at 720.

If the ALJ made a legal or factual error, the district court must next consider whether that error was harmless. A court "may not reverse an ALJ's decision based on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citation omitted).

**B. Prima Facie Case for Disability**

Disability is "the inability to engage in any substantial gainful activity" because of a medical impairment which can result in death or "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a plaintiff is disabled, an ALJ applies a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520. The plaintiff bears the burden of establishing a *prima facie* case for disability in the first four steps of evaluation. *Gallant v. Heckler*, 753 F.2d

United States District Court
Northern District of California

1450, 1452 (9th Cir. 1984). However, the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The five-step analysis proceeds as follows. First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" medically determinable impairment. *Id.* § 416.920(c). To be considered severe, a medical impairment must significantly limit physical or mental ability to do basic work activities and must be of twelve months duration or be expected to last for at least twelve months. *Id.*

Third, if the claimant's impairment meets or equals one of the impairments listed in Appendix I to the regulation (a list of impairments presumed severe enough to preclude work), benefits are awarded without consideration of the claimant's age, education, or work experience. *Id.* § 404.1520(d).

If the claimant's impairments do not meet or equal a listed impairment, before reaching step four, the ALJ will assess and make a finding about the claimant's residual functional capacity ("RFC") based on all relevant medical and other evidence in the claimant's case record. *Id.* § 416.920(e). At step four, the ALJ determines whether the claimant has the RFC to perform past relevant work. *See id.* § 404.1520(f). If the claimant can perform past relevant work, benefits will be denied. *See id.* If the claimant cannot perform past relevant work, the ALJ will proceed to step five. *Id.*

At step five, the ALJ determines whether the claimant can make an adjustment to other work. *Id.* § 404.1520(f)(1). If the claimant can make the adjustment to other work, the ALJ will find the claimant is not disabled; if the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled. *Id.* §§ 404.1520(e) and (g). There are two ways to make this determination: (1) the testimony of an impartial vocational expert, or (2) reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. *Id.*

**C. Supplemental Regulations for Determining Mental Impairments**

The Social Security Administration supplemented the five-step general disability evaluation process with regulations governing the evaluation of mental impairments at steps two and three of the five-step evaluation process. *See generally* 20 C.F.R. § 404.1520a. First, the ALJ

must determine whether the claimant has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1). Next, the Commissioner must assess the degree of functional limitations resulting from the claimant's mental impairment with respect to the following functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. §§ 404.1520a(b)(2), (c)(3). These four areas are known as the "Paragraph B" criteria. *Id.*

Finally, the Commissioner must determine the severity of the claimant's mental impairment and whether that severity meets or equals the severity of a mental impairment listed in Appendix 1. 20 C.F.R. § 404.1520a(d). Under Appendix 1, to satisfy the Paragraph B criteria, a claimant's mental impairment renders them disabled if it "result[s] in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(A)(2)(b). A "marked" limitation is a seriously limited ability to function independently, appropriately, or effectively on a sustained basis. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(d). By contrast, an "extreme" limitation is the inability to function independently, appropriately, or effectively on a sustained basis. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(e).

If the Commissioner determines that the severity of the claimant's mental impairment meets or equals the severity of a listed mental impairment, the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Otherwise, the evaluation proceeds to step four of the general disability inquiry. *See* 20 C.F.R. § 404.1520a(d)(3).

## II. Discussion.

Plaintiff contends that the ALJ's step two determination and ultimate finding that Plaintiff was not disabled is not supported by substantial evidence. Plaintiff, specifically, moves for summary judgment on the grounds that the ALJ erred in: (1) properly determining the persuasiveness of the medical evidence; (2) failing to consider that lack of regular treatment and Plaintiff's testimony was impacted by financial insecurity, mental conditions, and cultural barriers; (3) determining Plaintiff's severe impairments; (4) finding that Plaintiff does not meet or equal a listing; (5) failing outright to discuss or consider Plaintiff's eligibility under the C.F.R. grids

United States District Court
Northern District of California

listing; (6) failing to provide clear and convincing reasons to find Plaintiff's testimony inconsistent with the record; and (7) determining Plaintiff's residual functional capacity. (Dkt. No. 12 at 8-20.)

Because the Court finds that the ALJ's step two determination is not supported by substantial evidence, the Court need not address Plaintiff's alternative arguments. Each of these arguments concerns a step of the sequential analysis that cannot be reached unless an ALJ finds that the evidence substantiates the existence of a severe impairment or combination of impairments at step two. *See generally* 20 C.F.R. § 404.1520. Because the ALJ's ceased the analysis at step two, the case is to be remanded for further proceedings, and the Court declines to address Plaintiff's remaining claims. *See Martin v. Berryhill*, No. 18-CV-00752-RMI, 2019 WL 3413475, at *4 (N.D. Cal. July 29, 2019) (citing *Haverlock v. Colvin*, No. 12-cv-2393-DAD, 2014 WL 670202, at *5 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at step two, the court need not address plaintiff's remaining claims.").

**A. Step Two: ALJ's Step Two Findings.**

Plaintiff argues that the ALJ erred in determining that the evidence did not establish any severe medically determinable impairment. (Dkt. No. 12 at 9, 12, 14.) The Court agrees. At step two, the ALJ concluded that there were "no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (AR 23.) The ALJ also found no evidence consistent with an impairment of severe back pain or psychological impairment and found the medical opinion signed by three of Plaintiff's providers unpersuasive. (AR 25-26.)

**1. The ALJ's Determinations of Medically Determinable Impairment.**

Plaintiff specifically contends that the ALJ's step two findings were the result of the ALJ's failure to properly evaluate the medical evidence and failure to consider Plaintiff's external circumstances when evaluating the record and hearing testimony. (Dkt. No. 12 at 9, 12, 14.) The Commissioner's brief does not respond directly to these arguments beyond contending that the ALJ's decision is correct and supported by substantial evidence. (Dkt. No. 21.)

Under step two, an impairment must be established by objective medical evidence from an acceptable medical source and cannot be established by a claimant's symptoms alone. *See* 20 C.F.R. § 416.913(a)(1) (defining objective medical evidence); *see also* 20 C.F.R. §§ 404.1521,

416.921 ("We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."). An acceptable medical source includes a licensed advanced practice registered nurse or other licensed advanced practice nurses for impairments within his or her licensed scope of practice. 20 C.F.R. § 416.902(a)(7).

Once an impairment or combination of impairments is established, the ALJ proceeds to determine whether the impairments are severe or non-severe. *See Bowen*, 482 U.S. at 140. This inquiry has been defined as a "de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). When a claimant has multiple medically determinable impairments, the ALJ must consider the combined impact of all impairments when determining severity rather than assess each impairment separately. Social Security Ruling 85-28 (hereinafter "SSR 85-28"), Titles II and XVI: Medical Impairments That Are Not Severe, 1985 WL 56956, (Jan. 1, 1985).

Plaintiff's pre-hearing statement raised seven alleged impairments: chronic back pain, osteoarthritis, chronic hepatitis C, high blood pressure, depression, anxiety, and PTSD. (AR 578-585). The ALJ ultimately determined that the evidence did not establish the existence of a medically determinable physical or mental impairment. (AR 23, 24, 26.) The ALJ, however, solely addressed Plaintiff's back pain and the severity of Plaintiff's "psychological impairment." (AR 24, 26.)

The Court finds that the ALJ failed to evaluate each of Plaintiff's alleged impairments individually and evaluate objective medical evidence in the record as required at step two. The Court addresses Plaintiff's alleged physical and mental impairments in turn.

**a. Physical Impairments.**

The ALJ concluded that the evidence did not demonstrate the existence of a medically determinable physical impairment, and that there were "no examinations or imaging supporting abnormality of [Plaintiff's] spine consistent with a severe impairment." (AR 24.) However, the ALJ did not consider whether Plaintiff's back pain was medically determinable and did not address substantial objective medical evidence relevant to Plaintiff's diagnoses of chronic hepatitis C and osteoarthritis.

For instance, the record demonstrates that Plaintiff has been diagnosed with chronic hepatitis C and received treatment since May 12, 2020. (AR 725, 730, 773.) Though the ALJ acknowledged Plaintiff's chronic hepatitis C, this acknowledgment was qualified with the finding that "[Plaintiff] had no symptoms and her condition was stable." (AR 24.) The ALJ did not provide an interpretation of this evidence or a conclusion as to Plaintiff's alleged impairment. To the extent that the ALJ dismissed this diagnosis because Plaintiff is asymptomatic, the Court notes that an asymptomatic chronic diagnosis does not defeat its qualification as a medically determinable impairment. *See Dana L. v. Kijakazi*, No. 20-cv-06311-JSC, 2021 WL 4895080, at *7 (N.D. Cal. Oct. 20, 2021) (finding that the ALJ properly considered all alleged impairments and found hepatitis C to be a non-severe medically determinable impairment in a non-symptomatic claimant).

As for osteoarthritis, Plaintiff has been diagnosed with Heberden's nodes with arthropathy and generative osteoarthritis of both hands since December 10, 2020. (AR 678.) She also testified that her hands are her "biggest problem" and becoming "worse" and "unusable." (AR 66-67.) Treatment evidence demonstrates that Plaintiff consistently reported pain, joint stiffness, discomfort and "difficulty with bending or moving hand" to providers who have observed Plaintiff's limited range of movement and difficulty gripping objects. (AR 754, 756-757, 759-760, 764-766, 769-771.) The ALJ ignored provider observations of swelling and deformity in both hands even though physiological deformity is recognized as objective medical evidence sufficient to establish a medically determinable impairment. (AR 755, 759, 766.); *see* 20 C.F.R. § 416.902(l) (defining medical signs to include observable physiological abnormalities).

As for chronic back pain, the ALJ discounted Plaintiff's complaints of pain. The ALJ, specifically, failed to address relevant evidence in the record. For example, Plaintiff's chronic back pain was listed as a medical health problem by providers at the Santa Rita Jail, where P. Murtinty, P.A. prescribed Plaintiff Meloxicam for her pain. (AR 617, 645, 647, 664, 665, 666.) Plaintiff was also treated at LLMC for acute left-sided thoracic back pain, where providers noted that Plaintiff sleeps with a back brace and identified back pain as a present illness and primary diagnosis. (AR 714, 719.)

While an ALJ does not use a diagnosis or symptom testimony to establish the existence of an impairment, 20 C.F.R. § 404.1521, the ALJ here did not address each alleged impairment. *See Gina G. v. Bisignano*, No. 25-cv-02016-SK, 2026 WL 874104, at *5 (N.D. Cal. March 30, 2026) (addressing the ALJ's failure to consider diagnoses and impairments listed by providers as "active problems" in concluding that the ALJ's medically determinable impairment finding was not supported by substantial evidence). Thus, because the ALJ failed to address evidence regarding each of Plaintiff's alleged physical impairments, the Court concludes that the ALJ's determination regarding physical impairment is not supported by substantial evidence.

**b. Mental Impairments.**

The Court also finds that the ALJ failed to address evidence regarding Plaintiff's mental conditions. The ALJ, specifically, did not comprehensively address Plaintiff's alleged impairments of depression, anxiety, or PTSD in its mental impairment determination. *Cf. E.T. v. Dudek.*, No. 25-CV-02799-AMO, 2026 WL 734889, at *4 (N.D. Cal. Mar. 16, 2026) (concluding that substantial evidence supported the ALJ's step two finding in part because the ALJ acknowledged and considered limitations of all the plaintiff's impairments, including those that were non-severe).

In addition, the ALJ failed to address evidence in the record regarding each alleged mental impairment. (AR 23-26.) For example, the ALJ did not address notes from providers concerning Plaintiff's depressed mood, treatment notes that detail observations of Plaintiff's anxious behavior, the record of care for depression, and Plaintiff's stress-related symptoms. (AR 24, 603, 612, 646, 725, 749-51, 772.) As for PTSD, the ALJ acknowledged that Plaintiff experienced domestic violence and received counseling from May 12, 2020 to November 18, 2020, but did not address documentation of symptoms, psychological signs, trauma, and a DSM-5 diagnosis. (AR 23-25, 683-685, 693, 719, 727, 850.) In sum, because the ALJ failed to address evidence regarding each of Plaintiff's alleged mental impairments, the Court concludes that the ALJ's mental impairment determination is not supported by substantial evidence.

**B. Remand.**

In reviewing a Social Security Commissioner's decision, a court may remand the case

United States District Court
Northern District of California

"either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Typically, when a court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

Moreover, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1235 (9th Cir. 2011) (reversing and remanding for the consideration of new evidence instead of awarding benefits); *see also Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("Because neither the ALJ nor the vocational expert had the full picture before them, remand for further proceedings is particularly appropriate.").

Here, Plaintiff argues that the Court should remand for calculation of benefits rather than for further proceedings because the ALJ failed to provide legally sufficient reasons for rejecting medical opinion evidence and because there are no outstanding issues that must be resolved to make a disability termination. (Dkt. No. 12 at 21.)

The Court agrees that the ALJ's step two determinations were not harmless errors but concludes that the case shall be remanded for further proceedings. "The Court does not find that this is the exceptional case where remand for the immediate award of benefits is appropriate." *S.M. v. Comm'r of Soc. Sec.*, No. 24-CV-06297-NC, 2025 WL 1527761, at *8 (N.D. Cal. May 29, 2025). Because it is not clear from the record whether the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

On remand, the ALJ must properly evaluate the issues discussed above based on the applicable law and guidance provided in this Order. The Court specifically instructs the ALJ to make an additional attempt to conduct a consultative exam of Plaintiff's mental and physical impairments. If Plaintiff fails to attend said exam, the ALJ shall ask Plaintiff why she was unable to attend the exam and determine whether good cause excuses her failure to attend. Because this evidence may affect other portions of the ALJ's decision, the ALJ shall determine if any further

evaluation is required based on the issues raised in this Order.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment and DENIES the Commissioner's cross-motion for summary judgment. The Court vacates the Commissioner's final decision and REMANDS for further administrative proceedings consistent with this Order. The Court shall issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: September 25, 2026

SALLIE KIM
United States Magistrate Judge